UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ERASMO CANELA,

Civil Action No.: _____

                      Plaintiff,               **COMPLAINT**

          -against-                            ***TRIAL BY JURY***
                                               ***DEMANDED***

INTERNATIONAL HOUSE OF PANCAKES,
LLC, TRIHOP 177TH STREET, LLC d/b/a IHOP,
and TRIHOP MANAGEMENT, LLC, jointly
and severally,

                      Defendants.
-------------------------------------------------------------x

**PLAINTIFF ERASMO CANELA**, by and through his attorneys Goddard Law PLLC,

whose offices are located at 39 Broadway, Suite 1540, New York, NY 10006, alleges and

complains as follows:

**STATEMENT OF THE CASE**

1.      Plaintiff Erasmo Canela (hereinafter "Plaintiff" or "Plaintiff Canela") brings this

action against Defendants INTERNATIONAL HOUSE OF PANCAKES, LLC, TRIHOP 177th

STREET, LLC d/b/a IHOP and TRIHOP MANAGEMENT, LLC (collectively referred to

throughout as "Defendants"), due to willful deprivation of Plaintiff Canela's minimum wages,

overtime pay, and spread-of-hours premium, as well as due to its unlawful tip pooling, unlawful

application of tip credit and failure to comply with notice and record keeping requirements in

violation of in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*, and

New York Labor Law ("NYLL"), N. Y. Lab. L. §§ 1, *et seq.*

2.      Plaintiff seeks declaratory relief, money damages and punitive damages.

## JURISDICTION & VENUE

3.      This court has subject matter jurisdiction in this case under 28 U.S.C. § 1331 as Plaintiff's action arises under federal statute, specifically, FLSA, 29 U.S.C. §§ 201, *et seq*.

4.       This Court may assert supplemental jurisdiction over Plaintiff's NYLL claims as authorized by 29 U.S.C. § 1367.

5.      Venue is proper within this judicial district, specifically the Southern District of New York pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events and/or omissions giving rise to the claims herein occurred in New York, New York.

## THE PARTIES

6.      Plaintiff Erasmo Canela is a Hispanic male, and formerly was employed as a dishwasher at Defendants' IHOP restaurant located at 4168 Broadway New York, NY 10033. Plaintiff currently resides, and at all relevant times to the Complaint resided in, the County of New York, New York State.

7.      At all times relevant to the Complaint, Plaintiff was a covered employee under the FLSA and is not exempt from the minimum wage and maximum hour requirements, under 29 U.S.C. § 213.

8.      Defendant INTERNATIONAL HOUSE OF PANCAKES LLC, (hereinafter Defendant "IHOP Corporate") upon information and belief, is a foreign corporation, located at 450 North Brand Boulevard Glendale, California 91203, and is a wholly owned subsidiary of DINE EQUITY, INC. Defendant IHOP Corporate is franchisor of an international chain of IHOP restaurants including, upon information and belief, over 30 IHOP restaurants in the Greater New York City Area.

9.      Upon information and belief, Defendant TRIHOP MANAGEMENT, LLC (hereinafter "Defendant TRIHOP") is a franchisee of franchisor of Defendant IHOP Corporate. Defendant

TRIHOP is a domestic, limited liability company organized and existing under the laws of the State of New York and is authorized to do business in the State of New York. Upon information and belief, Defendant TRIHOP owns and operates five IHOP restaurant locations in New York City.

10.     Defendant TRIHOP 177th STREET, LLC, d/b/a IHOP restaurant (hereinafter referred to as "Defendant IHOP 177th Street" or "IHOP 177th Street") is, upon information and belief, one of five IHOP restaurant locations operated by franchisee Defendant TRIHOP. Defendant IHOP 177th Street is upon information and belief, located in the Washington Heights neighborhood of Manhattan, at 4168 Broadway New York, NY 10033. Defendant IHOP 177th Street is a domestic, limited liability company organized and existing under the laws of the State of New York and is authorized to do business in the State of New York.

11.     At all relevant times, upon information and belief, Defendants were Plaintiff Canela's "employer" and/or joint employers, under the FLSA, within the meaning of 29 U.S.C. §203(d), under NYLL and as a matter of economic reality. Specifically, Defendant IHOP Corporate maintains control over Defendant TRIHOP's operational decisions, such as restaurant hours, holiday closings, employee training, menus and advertising, among others. Defendant TRIHOP maintains complete control over Defendant IHOP 177th Street including, hiring and interviewing all managers and employees, as well as determining franchise location, among others.

12.     Upon information and belief, Defendants, are jointly and individually an enterprise with a gross volume of sales made or business done in excess of $500,000.00.

13.     Based on Plaintiff Canela's personal knowledge of Defendant IHOP 177th Street's business, as well as upon information and belief, Defendants are an enterprise engaged in commerce, under 29 U.S.C. §203(s).

14.     Upon information and belief, as well as first-hand knowledge of Plaintiff Canela,

Defendants regularly purchase goods and materials in interstate commerce, including produce and ingredients that Plaintiff organized, as well as handle cleaning products that had been moved in or produced for commerce between states, including but not limited to ammonia.

## STATEMENT OF THE FACTS

15.     On or about July 6, 2016, Defendants hired Plaintiff Canela to work at IHOP 177th Street as a dishwasher. Defendants, specifically, TRIHOP 177th Street is an American-style breakfast restaurant serving such foods as pancakes and waffles, is well known to be, and is, open 24 hours per day, 7 days per week. Customers can dine-in at the restaurant, which offers full table service, or they can place orders for takeout over the phone.

16.     As a dishwasher, Plaintiff's principal job duties included, among others, washing dishes, cleaning bathrooms, disposing of garbage, organizing inventory and even fumigating rats and insects in the kitchen with ammonia, used as a pesticide.

17.     Beginning on July 6, 2016, Defendants required Plaintiff Canela to work from 6:00 AM until to 2:00 PM, for a total of forty (40) hours per week. Plaintiff regularly worked Sunday through Thursday, a total of five (5) days per week.

18.     However, despite this agreed upon schedule, Defendants frequently required Plaintiff to work more than forty (40) hours per week throughout the term of Plaintiff Canela's employment.

### Defendants Failed to Provide Plaintiff Canela with a Wage Notice

19.     The Wage Theft Prevention Act, NYLL §195(1)(a), and 12 NYCRR §146-2.2 requires that employers provide new hires with a written notice in English and in employee's primary language, containing, *inter alia,* the regular hourly pay rate, the overtime hourly pay rate, the amount of tip credit, the minimum hourly rate, and the regular payday, as well as the name of

employer, any additional business names, physical address of employer and/or its telephone number.

20.     At no time during his employment did Defendants provide Plaintiff Canela with a written wage notice, either in English or Plaintiff's primary language of Spanish, in violation of NYLL § 195(1)(a) and 12 NYCRR §146-2.2.

**Defendants Failed to Compensate Plaintiff According to New York State's Minimum Wage, Overtime Compensation, and Spread-of-Hours Premium Requirements**

21.     From December 31, 2015 until December 31, 2016, under NYLL§§ 652 and 12 NYCRR §146-1.2, the statutory minimum wage was $9.00 per hour for all hours worked up to forty (40) hours, and $13.50 for all hours worked above forty (40) hours.

22.     Despite the statutory minimum and overtime wage rates, beginning in July of 2016, Defendants only provided Plaintiff Canela with bi-weekly compensation at a rate of $8.00 per hour for all hours worked up to forty (40), and $12.00 per hour for all hours worked above 40.

23.     On December 31, 2016 until December 31, 2017, under NYLL§ 652 and 12 NYCRR § 146-1.2, the statutory minimum wage increased to $11.00 per hour for regular hours, and $16.50 per hour for overtime hours.

24.     Despite the required minimum wage increase, from January 1, 2017 to July 9, 2017, Defendants continued to unlawfully underpay Plaintiff Canela $8.00 per hour for all hours worked up to forty (40), and $12.00 per hour for all hours worked above forty (40), well below the required minimum wage and overtime pay. Throughout Plaintiff's employment at Defendant IHOP 177, Defendants willfully compensated Plaintiff well below the state minimum wage rate and the required overtime compensation rate for all hours worked in excess of forty (40) hours per week, in violation of NYLL§ 652 and 12 NYCRR § 146-1.2.

25.     Defendants further failed to provide Plaintiff Canela with a spread-of-hours premium for days when he worked above ten (10) consecutive hours in a single shift, in violation of

NYLL § 199 and 12 NYCRR §146-1.6.

## **Defendants Unlawfully included Plaintiff Canela in the Tip Pool, Applying these Misappropriated Tips as a Credit against the Full Minimum Wage Owed to Plaintiff**

26.     Throughout Plaintiff's employment, from July 6, 2016 until July 9, 2017, Defendants included him in the tip pool; specifically Plaintiff sometimes received a very small dividend of tips received by food service employees each pay period.

27.     Under the Hospitality Wage Order, 12 NYCRR §§ 146 -1.3, 146-2.14, only eligible food service workers may participate in tip pooling; eligible workers include those who principally and regularly perform personal service to patrons. Under 12 NYCRR § 146 -2.14(e), participation in providing personal service must not be "merely occasional or incidental." Likewise, under FLSA, 29 U.S.C. 203(m), tip pooling is permitted only as to employees that "customarily and regularly receive tips."

28.     Upon information and belief, Plaintiff's principal duties of washing dishes, cleaning facilities, disposing of garbage, organizing inventory, and applying pesticide do not arise to regular participation in providing personal service to patrons. Thus, Defendants unlawfully included Plaintiff, a non-service worker, in the tip pool.

29.     Defendants additionally, without notice to Plaintiff, applied the misappropriated tips to Plaintiff's $8.00 hourly rate as a credit against statutory minimum wage. Under 12 NYCRR §146- 2.16, Defendants were not entitled to take a tip credit by requiring food service employees to pool their tips with non-food service employees, specifically, Plaintiff.  Similarly, the FLSA, 29 U.S.C. 203(m) allows for tip credits if all tips received by the employee have been retained by the employee or pooled between employees regularly receiving tips. Defendants thus violated the NYLL and the FLSA by unlawfully including taking a tip credit in which tips were pooled between employees such as servers, and Plaintiff, who was a dishwasher.

**Defendants Failed to Notify Plaintiff Canela in Writing or by Public Posting of Defendants'**
**Policy on Sick Leave, Vacation, Personal Leave, Holidays, and Hours**

30.    At no time during Plaintiff's employment with Defendants did Plaintiff receive a notification—either in writing, or by public posting—of Defendants policy on sick leave, vacation, personal leave, holidays, and hours, in violation of NYLL § 195(5).

### AS AND FOR A FIRST CAUSE OF ACTION
New York State Minimum Wage Claim, NYLL § 650 *et seq.*

31.    Plaintiff incorporates each preceding paragraph, 1 through 29, as if set forth fully herein.

32.    Throughout his employment, from July 6, 2016 until July 9, 2017, Defendants failed to pay Plaintiff Canela at least the New York State Minimum Wage rate under NYLL § 652 and 12 NYCRR § 146-1.2.

33.    Plaintiff is entitled to recover damages for his unpaid minimum wage compensation, and damages as provided by NYLL, Article 6 § 198, attorneys' fees and costs, together with such other relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
New York State Overtime Claim, NYLL § 650 *et seq.*

34.    Plaintiff incorporates each preceding paragraph, 1 through 32, as if set forth fully herein.

35.    Throughout his employment, from July 6, 2016 until July 9, 2017, Defendants failed to pay Plaintiff Canela overtime wages for work performed above forty (40) hours per workweek, as required by NYLL.

36.    Plaintiff is entitled to recover damages for his unpaid overtime compensation as provided by NYLL § 198, attorneys' fees and costs, and pre- and post- judgment interest together with such other relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
Unlawful Tip Pooling and Tip Credit,
12 NYCRR §§ 146-2.14-16, NYLL 196-d and FLSA 29 U.S.C. 203(m).

37.     Plaintiff Canela incorporates each preceding paragraph, 1 through 35, as if set forth fully herein.

38.     Throughout his employment, from July 6, 2016 until July 9, 2017, Defendants knowingly included Plaintiff in a tip pool for which he was ineligible, and additionally unlawfully applied a tip credit towards the full minimum wages that Plaintiff would have otherwise been provided.

39.     Plaintiff is entitled to recover damages for Defendants unlawful tip pooling and tip credit, pursuant to NYLL § 198 and FLSA 29 U.S.C. 216(b).

### AS AND FOR A FOURTH CAUSE OF ACTION
Spread-of-Hours Premium, 12 NYCRR 146, NYLL § 199

40.     Plaintiff Canela incorporates each preceding paragraph, 1 through 38, as if set forth fully herein.

41.     Throughout his employment, from July 6, 2016 until July 9, 2017, Defendants knowingly failed to pay spread-of-hours premiums to Plaintiff Canela for the days where the interval between the beginning and end of Plaintiff's workday was more than ten (10) hours.

42.     Plaintiff is entitled to recover damages for his unpaid spread-of-hours compensation, damages pursuant NYLL § 198.

### AS AND FOR A FIFTH CAUSE OF ACTION
Notice-and-Recordkeeping Requirements, NYLL § 195(1)

43.     Plaintiff Canela incorporates each preceding paragraph, 1 through 41, as if set forth fully herein.

44.     Throughout his employment, Defendants failed to provide Plaintiff Canela with wage notices, containing, among other things, the rates and basis of pay, allowance, regular pay

day, name of employer, an additional business names, physical address of the employer and telephone number in violation of NYLL § 195(1).

45.    Plaintiff is entitled to recover penalties, plus liquidated damages.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Notice-and-Recordkeeping Requirements, NYLL § 195(5)

46.    Plaintiff Canela incorporates each preceding paragraph, 1 through 44, as if set forth fully herein.

47.    Throughout his employment, from July 6, 2016 until July 9, 2017, Defendants failed to notify Plaintiff Canela in writing, or by public posting of employer's policy on sick leave, vacation, personal leave, holidays, and hours, in violation of NYLL §195(5).

48.    Plaintiff is entitled to recover penalties, plus liquidated damages.

## PRAYER FOR RELIEF

Plaintiff requests that this Court grant him the relief to which he is entitled and:

    a.   enter judgment declaring that Defendants willfully violated NYLL;

    b.   award Plaintiff unpaid minimum wages he is owed under NYLL;

    c.   award Plaintiff unpaid overtime wages he is owed under NYLL;

    d.   award Plaintiff liquidated or punitive damages pursuant to NYLL;

    e.   award Plaintiff statutory damages for Defendants' notice and record-keeping violations under NYLL;

    f.   enjoin Defendants from retaliating against Plaintiff and current or former employees;

    g.   award Plaintiff's attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663(1), and all other applicable law;

    h.   award Plaintiff pre- and post-judgment interest as provided by law; and

    i.   grant such other relief that is just and proper.

**<u>JURY TRIAL</u>**

Plaintiff demands a jury trial for all causes of action and claims for which he has a right

to a jury trial.

Dated:  New York, New York
        September 28, 2017

                                       GODDARD LAW PLLC
                                       *Attorneys for Plaintiff*

                                       By: <u>s/ *Megan S. Goddard*      </u>
                                          Megan S. Goddard, Esq.
                                       39 Broadway, Suite 1540
                                       New York, NY 10006
                                       Office: (646) 504-8363
                                       Fax: (212) 473-8705
                                       Megan@goddardlawnyc.com